J-S34042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES J. ODENWALT | : | |
| | : | |
| Appellant | : | No. 270 WDA 2019 |

Appeal from the PCRA Order Entered January 3, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000490-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES JAMES ODENWALT | : | |
| | : | |
| Appellant | : | No. 271 WDA 2019 |

Appeal from the PCRA Order Entered January 3, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000724-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES J. ODENWALT | : | |
| | : | |
| Appellant | : | No. 272 WDA 2019 |

Appeal from the PCRA Order Entered January 3, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000821-2014

J-S34042-19

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLES JAMES ODENWALT :
:
Appellant : No. 273 WDA 2019

Appeal from the PCRA Order Entered January 3, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000906-2014

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED JULY 31, 2020**

Appellant, Charles J. Odenwalt, appeals from the orders entered January

3, 2019, that dismissed his first petitions filed under the Post Conviction Relief

Act (PCRA)[1] without a hearing. We affirm.[2]

The facts underlying this appeal are as follows. On February 23, 2015,

Appellant plead guilty to knowing and intentional possession of a controlled

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] Appellant filed four notices of appeal, each contained four docket numbers and each notice of appeal has a different time stamp. This appeal does not present an issue pertaining to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). **See Commonwealth v. Johnson**, 2020 PA Super 164, *5 (filed July 9, 2020) (overruling **Commonwealth v. Creese**, 216 A.3d 1142, 1144 (Pa. Super. 2019) to the extent that **Creese** stated "a notice of appeal may contain only one docket number.") Appellant filed four notices of appeal evidenced by the different time stamped on each. This does not run afoul of **Walker**.

- 2 -

substance at CP-20-CR-00000821-2014 (No. 821-2014) and possession with intent to deliver (PWID) at CP-20-CR-0000906-2014 (No. 906-2014).[3] On September 2, 2015, Appellant was sentenced to four to twelve months' incarceration on No. 821-2014, and twelve months less one day to twenty-four months less one day of incarceration on No. 906-2014. The sentence of No. 906-2014 was to run concurrent to No. 821-2014. On October 15, 2015, Appellant plead guilty to two counts of PWID at CP-20-CR-0000490-2015 (No. 490-2015) and one count of PWID at CP-20-CR-0000724-2015 (No. 724-2015). On November 2, 2015, Appellant received an aggregate sentence of four to ten years' incarceration on No. 490-2015 and a sentence of two to five years' incarceration on No. 724-2015, concurrent to No. 490-2015. Appellant filed a timely post sentence motion at Nos. 490-2015 and 724-2015, which were denied on November 17, 2015. Appellant did not file a direct appeal from any of the judgments of sentence listed above.

On April 20, 2018, Appellant filed his first *pro se* PCRA petitions at each docket number. Appellant filed identical petitions for each docket number. Appellant alleged ineffective assistance of counsel for failing to calculate Appellant's prior record score (PRS) correctly, failing to challenge the incorrect PRS, and for failing to file a motion to suppress. On April 24, 2018, the PCRA court appointed counsel and permitted counsel to file an amended PCRA. On

---

[3] 35 P.S. § 780-113 (a)(16), (30), respectively.

June 26, 2018, counsel filed an amended PCRA at each docket number

contending:

> While the Petition appears to be beyond the time allowed for Post-Conviction Relief, Petitioner nonetheless requests that this Honorable Court consider the request for relief for the following reasons:
>
> i)   Petitioner requests relief based upon Constitutional due process claims, both federal and state;
>
> ii)  Petitioner has a limited understanding of procedure and claims due to certain intellectual limitation and disabilities, and was not properly counseled, either at the time he could seek a direct appeal or seek post-sentence relief, that his rights would be lost by failure to preserve a claim or to meet applicable deadlines;
>
> iii) Petitioner asserts that the claims herein are based upon Constitutional rights not knowingly waived, and therefore not waivable;
>
> iv)  To the extent of the Court's discretion under such circumstances, Petitioner requests that this Honorable Court grant the relief requested *nunc pro tunc*, at the Court's discretion, as the relief is fair and reasonable and would address or correct a manifest injustice.

Amended Petition for Post-Conviction Collateral Relief, 6/26/2018, at 3

(unpaginated).

On December 11, 2018, the PCRA court issued a memorandum and

order pursuant to Pa.R.Crim.P. 907(1) (Rule 907 Notice) as to each docket

number. The Rule 907 Notice stated the PCRA court's intention to dismiss the

PCRA petitions without a hearing, because (1) Appellant's parole was

terminated on Nos. 821-2014 and 906-2014, and (2) the PCRA petitions were

untimely filed and did not plead any exception to the timeliness requirement.

On December 31, 2018, counsel filed a response to the Rule 907 Notice, claiming that the court must hold an evidentiary hearing before dismissing the petitions. On January 3, 2019, the PCRA court issued an order dismissing the PCRA petition at each docket number. On January 31, 2018, Appellant filed this timely appeal.[4]

Appellant presents the following issue for our review:

Did the lower court/PCRA court err by dismissing Appellant's PCRA action as untimely and therefore not within the jurisdiction of the court, without proceeding by the requirements of Rule 908, denying Appellant's due process rights?

Appellant's Brief at 8.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

At the outset, we note that Appellant's parole was terminated on No. 821-2014 on August 31, 2016, and at No. 906-2014 on August 10, 2017. Appellant concedes that "[Nos.] 821-2014 and 906-2014 are terminated dockets. Appellant's argument is entirely focused upon [Nos.] []490-2015

---

[4] On February 1, 2019, the PCRA court issued its order pursuant to Pa.R.A.P. 1925(b). On February 21, 2019, Appellant filed his 1925(b) statement of errors complained of on appeal. On February 26, 2019, the PCRA court filed a letter directing our Court to its December 11, 2018 memorandum in lieu of filing a new 1925(a) opinion.

and 724-2015." Appellant's Brief at 9. Appellant is not currently imprisoned, on probation, or on parole on No. 821-2014 and No. 906-2014; thus, Appellant is not eligible for relief under the PCRA.[5] We affirm the PCRA orders dismissing Appellant's PCRA petitions at Nos. 821-2014 and 906-2014.

For Appellant's remaining actions, Appellant concedes that the petitions were untimely filed. The time limitations of the PCRA are jurisdictional in nature and, as such, a court cannot address the merits of an untimely petition. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth

_____

[5] Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

> To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) **currently serving a sentence of imprisonment, probation or parole** for the crime;

42 Pa.C.S. § 9543(a) (emphasis added); *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

in section 9545(b) of the statute. *See* 42 Pa.C.S. § 9545(b)(1).[6] Appellant has not pleaded an exception to the timeliness requirement of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. We find the PCRA court properly dismissed Appellant's petition without holding a hearing because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014) (affirming dismissal of PCRA petition without a hearing because Miller failed to meet his burden of proving any exception to the PCRA's time bar). As Appellant's PCRA petitions at Nos. 490-2015 and 724-2015 are untimely, we affirm the PCRA court's orders dismissing those PCRA petitions.

Orders affirmed.

_____

[6] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/31/2020